2026 IL App (1st) 242032-U

No. 1-24-2032

Order filed January 14, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SPIRIT MANAGEMENT SERVICES, AS AGENT FOR OWNER, OPERATING AS VIVIAN, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 241705790 |
| DOMINIC MARTIN AND ALL UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants | ) ) | Honorable Brian Porter, |
| (Dominic Martin, Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Trial court's eviction order in favor of plaintiff is affirmed where defendant failed to provide a sufficient record for this court's review of the trial court's judgment.

¶ 2    Defendant Dominic Martin appeals *pro se* from an eviction order, entered after trial, granting plaintiff, Spirit Management Services, possession of an apartment located in the 6800

block of North Sheridan Road in Chicago and ordering defendant to vacate the apartment. On appeal, defendant argues that his tenancy had been reinstated, and that the trial court erred in failing to consider his testimony and exhibits at trial. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The record on appeal does not include a report of proceedings. The following background information is derived from the common law record.

¶ 5     On March 29, 2023, defendant entered into a residential lease agreement with plaintiff for the apartment. The duration of the lease spanned from March 31, 2023, to March 31, 2024. The lease required that, upon receipt of a written notice to vacate, a tenant must vacate the unit upon expiration of the lease term or by the date provided in the written notice.

¶ 6     On January 19, 2024, plaintiff notified defendant in writing that the lease would expire, and would not renew, on March 31, 2024. Per the notice, defendant's tenancy would terminate effective March 31, 2024, at which time he was required to "quit and deliver possession."

¶ 7     Defendant did not vacate the unit by March 31, 2024. On April 4, 2024, plaintiff filed an eviction action in the circuit court, seeking possession of the unit and stating that defendant owed no outstanding balance to plaintiff.

¶ 8     The court held a contested trial on September 12, 2024, at which plaintiff and plaintiff's counsel appeared in person and defendant appeared via Zoom videoconference. The court entered judgment in favor of plaintiff and ordered defendant to vacate the property on or before September 19, 2024. The order noted plaintiff did not claim monetary damages.

¶ 9     On September 12, 2024, defendant filed a motion to vacate, asserting that the judgment had been entered against him due to a technological issue. Defendant alleged that after he had been

sworn in remotely during trial, the Zoom call dropped. Defendant was unable to reconnect, so he traveled to the courthouse to find that the court had experienced a power outage. While there, he discovered his case had proceeded in his absence. Defendant further alleged that he benefitted from a government housing assistance program, and that he could only move upon advisement from the program. He had been approved for a new apartment, and simply needed extra notice to be able to vacate "properly."

¶ 10    Following a September 30, 2024, hearing, where plaintiff's counsel and witness appeared in person and defendant appeared via Zoom, the court denied defendant's motion.

¶ 11    Later that same day, defendant filed a motion asking the judge to "actually hear [his] plea regarding [his] move." He stated that plaintiff "originally ask[ed] for a balance" in court. But, defendant received housing assistance benefits, and his housing "program" timely paid the amount due each month. Defendant stated that he merely needed the apartment until his new apartment passed inspection, and that he should not have an eviction on his record where plaintiff had accepted his timely rent payments via the housing program.

¶ 12    On October 10, 2024, defendant filed his notice of appeal from the court's September 12, 2024, eviction order. He requested that this court review his documents as to the reinstatement of his tenancy, as plaintiff continued to accept rent payments after termination of the lease, and after the plaintiff initiated the eviction process. The notice also sought to appeal from a September 27, 2024, order. There is no such order in the record on appeal.

¶ 13    In a hearing on October 15, 2024, the court denied defendant's September 30, 2024, motion. The court granted defendant's oral motion to seal the file.

¶ 14    On October 18, 2024, defendant filed another motion to reconsider, alleging that plaintiff reinstated his tenancy. He attached, *inter alia*, exhibits including a copy of the residential ledger demonstrating his payment history and plaintiff's acceptance of payments, June 2024 emails with plaintiff's representatives discussing his lease payments, plaintiff's notice of non-renewal of the lease, a record of defendant's signed lease for a new apartment reflecting an anticipated move-in date between October 21, 2024, and October 31, 2024, and a letter from his new landlord (1) detailing government delays in processing his housing voucher and (2) requesting that plaintiff consider extending his lease until the completion of processing.

¶ 15    On November 4, 2024, the court denied defendant's motion and ordered defendant to file no further motions "unless it's a Motion to Seal and after appeal has been completed."

¶ 16    The record reflects that the eviction was "canceled" with the Sheriff's Office on November 7, 2024.

¶ 17                              II. ANALYSIS

¶ 18    On appeal, defendant argues that the trial court erred by not "allowing [him] to voice *** [his] side of the case" at trial. He states that because he was a beneficiary of a government assistance program, identified as "section 8" and "CHA" (Chicago Housing Authority), and subject to the program's policies and timelines, he needed more time to find a new residence. He asserts that he "of course" moved out of the unit when new housing became available through the program. He further argues that the program continued to pay rent until he moved out, and plaintiff's acceptance of those payments constituted a reinstatement of tenancy. Defendant contends that the trial court failed to view his exhibits and denied his motion for a retrial despite

the technical difficulties that impeded his ability to attend trial. Further, he claims that he was denied housing under the government housing program due to the pending eviction.[1]

¶ 19    Plaintiff responds that we should dismiss defendant's appeal based on the inadequacy of his brief, the appeal has been rendered moot because defendant concedes he moved out of the apartment, and, if we consider the merits, we should affirm as the record on appeal is inadequate for our review of the issues presented.

¶ 20    Defendant's brief, submitted using portions of the Supreme Court's approved preprinted appellant brief form, fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides mandatory procedural rules governing the content and format of appellate briefs. *Doherty v. Country Faire Conversion, LLC*, 2020 IL App (1st) 192385, ¶ 36. For example, defendant fails to list any legal authority in support of his argument, and does not cite to the record. Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Additionally, the brief does not contain a "statement of facts" or an "argument" section, in which defendant is required to provide cohesive legal arguments with citations to relevant law. *Id. Pro se* litigants must still comply with all the same rules of procedure as other litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. We may strike the brief and dismiss the appeal for failure to comply with the rules. *Id.* We decline to do so here as the record on appeal is short and we have the benefit of a

---

[1] As an appendix to his appeal, defendant attaches copies of letters from up to eight apartment rental companies, each denying his housing application. He notes in the appendix that due to the numerous denials, he was required to request additional time from the housing program to find a new residence. He highlights one undated document from his current building manager, informing him that the Chicago Housing Authority approved him for an apartment under the section 8 housing program. He also includes a copy of an email from his current building manager, confirming that he moved into his new apartment between November 1 and 3, 2024. We note that a party may not supplement the record on appeal "by attaching documents to the appendix of a brief." *Kerbes v. Raceway Associates, LLC*, 2011 IL App (1st) 110318, ¶ 7, n.1.

cogent brief by the appellee. *Id.* ¶ 48; see also *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 21    We agree with plaintiff that defendant's appeal is moot because he vacated the unit. However, we find the collateral consequences exception to the mootness doctrine applies.

¶ 22    Appellate jurisdiction requires an actual controversy. *In re Benny M.*, 2017 IL 120133, ¶ 17. An appeal is moot if there is no actual controversy, or when it has become impossible for the reviewing court to render effectual relief. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. We will not consider moot issues, render advisory opinions, or consider issues where the outcome does not change the result. *Id.* "Claims of mootness present questions of law, which we review *de novo*." *Universal Metro Asian Services Ass'n v. Mahmood*, 2021 IL App (1st) 200584, ¶ 17.

¶ 23    The facts that must be determined in an eviction action are (1) which party is entitled to immediate possession of the property and (2) whether a "defense which is germane to the distinctive purpose of the action" defeats plaintiff's asserted right to possession. *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23. But where a defendant vacated the property at issue in an eviction proceeding, the issue of possession becomes moot, and we then cannot grant relief on the issue of possession. *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007).

¶ 24    In this case, the eviction order granted possession of the unit to plaintiff and required defendant to vacate the unit on or before September 19, 2024. In his brief, defendant admits he vacated the apartment. Plaintiff concedes, and the record reflects, that it canceled the eviction with the Sheriff's Office. Because defendant vacated the unit and rendered the issue of possession and eviction moot, we generally cannot consider defendant's appeal.

¶ 25 We may, however, address defendant's arguments if one of three recognized exceptions to the mootness doctrine applies. *In re Rob W.*, 2021 IL App (1st) 200149, ¶ 50. The public interest exception applies where (1) the question presented is of a public nature, (2) an authoritative determination of the question serves to guide public officers in the future, and (3) the question is likely to recur. *Commonwealth Edison*, 2016 IL 118129, ¶ 12. The capable of repetition exception applies where (1) the challenged action must be of a duration too short to be fully litigated prior to its cessation and (2) there must be a reasonable expectation that the same complainant would be subjected to the same action again. *In re Alfred H.H.*, 233 Ill. 2d 345, 358 (2009). And where the order appealed presents collateral consequences that "could return to plague the [defendant] in some future proceedings or could affect other aspects of [the defendant's] life," the collateral consequences exception applies. *People v. Madison*, 2014 IL App (1st) 131950, ¶ 12.

¶ 26 The public interest exception does not apply because the issues defendant presents on appeal are not of a public nature. Similarly, the capable of repetition exception does not apply because there is no reasonable expectation that defendant would be subjected to eviction on the same basis as the instant eviction.

¶ 27 However, the collateral consequences exception applies as the eviction order could render defendant ineligible for future public housing. See 24 C.F.R. § 982.552(c)(1)(ii) (2024) (stating that a public housing agency may deny housing program assistance to an applicant who has been evicted from federally assisted housing within the prior five years). In fact, defendant argues as much, asserting in his brief that the eviction order caused many of his applications for new housing under his housing assistance program to be denied.

¶ 28    "Under this exception, where collateral consequences survive the expiration or cessation of a court order that are likely to be redressed by a favorable judicial determination, appellate review is permissible." *In re Rita P.*, 2014 IL 115798, ¶ 31.

¶ 29    Nevertheless, despite the applicability of the collateral consequences exception to mootness, we must affirm because the record on appeal is insufficient to review defendant's claims regarding the trial proceedings.

¶ 30    As the appellant, defendant bears the burden of presenting a sufficient record to support his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *Villa Dubois, LLC v. Sabeel El*, 2020 IL App (1st) 190182, ¶ 21. Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005); see also *Walsh v. Sklar*, 2025 IL App (1st) 231830, ¶ 104. Any doubts arising from an incomplete record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Absent an adequate record preserving the claimed error, we must presume that the trial court's order was in conformity with the law and had a sufficient factual basis. *Id.*

¶ 31    Here, defendant alleges he was denied a proper trial when technological issues, including an alleged power outage at the courthouse, barred him from participating in proceedings and rendered him incapable of alleging reinstatement of his tenancy. Yet defendant has not provided a transcript of the trial proceedings, nor a proper substitute for the transcripts under Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 32    Absent a record of the proceedings at trial, we are without any record of the arguments presented at trial, evidence entered, or grounds cited for the court's finding in favor of plaintiff.

We cannot evaluate whether the alleged power outage occurred, or whether the evidence supported the eviction order. See 735 ILCS 5/9-109.5 (West 2020) ("After a trial, if the court finds, by a preponderance of the evidence, that the allegations in the complaint have been proven, the court shall enter an eviction order in favor of the plaintiff."). Without a record of proceedings, we cannot review the basis for the court's denial of defendant's subsequent motion to vacate the court's eviction order.

¶ 33    As the record is inadequate for our review of defendant's assertions, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decision. *Foutch,* 99 Ill. 2d at 392.

¶ 34                                    III. CONCLUSION

¶ 35    For the foregoing reasons, we affirm.

¶ 36    Affirmed.